NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0457n.06

No. 11-3448

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 01, 2012*

LEONARD GREEN, Clerk

ESTEBAN MARCOS ESTEBAN ESTEBAN, )
)
     Petitioner, )
)
                                  )    ON PETITION FOR REVIEW
v. ) FROM A FINAL ORDER OF THE
) BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General, ) APPEALS
)
     Respondent. )
)

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Esteban Marcos Esteban Esteban, a native and citizen of Guatemala, petitions for review of a decision by the Board of Immigration Appeals that affirmed an immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture.

When Esteban illegally entered the United States in April 2001, he was sixteen years old and a derivative on his father's pending asylum application. In August 2007, the Department of Homeland Security initiated a removal proceeding against Esteban by issuing him a Notice to Appear. Because he was now too old to be a derivative on his father's application, Esteban filed his

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

own applications for asylum, withholding of removal, and relief under the Convention Against Torture. An IJ conducted a removal hearing on June 17, 2009.

Esteban was the sole witness to testify at the hearing. After Esteban's testimony, the IJ issued an oral decision. Although the IJ credited Esteban's testimony that he had been robbed by gangs in Guatemala, the IJ denied Esteban's applications for asylum, withholding of removal, and relief under the Convention Against Torture because he did not show that he was or will be targeted by gangs on a statutorily protected ground. Esteban appealed the IJ's decision to the Board, which upheld the IJ's decision.

In his petition for review, Esteban argues that the Board and the IJ erred because he established a fear of persecution due to his membership in a social group, "Guatemalans who are perceived to possess a significant amount of wealth because they have lived in the United States." We are not persuaded.

"Where the [Board] reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the [Board's] decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "Questions of law are reviewed *de novo*, but substantial deference is given to the [Board's] interpretation of the [Immigration and Nationality Act] and accompanying regulations." *Id*. Factual findings are reviewed "under the substantial evidence standard." *Ben Hamida v. Gonzales*, 478 F.3d 734, 736 (6th Cir. 2007). "These findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (internal quotation marks and citation omitted).

"To establish eligibility for asylum, [Esteban] must establish he is a 'refugee' within the meaning of . . . 8 U.S.C. § 1101(a)(42)." *Lin v. Holder*, 565 F.3d 971, 976 (6th Cir. 2009). Esteban

therefore "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). "Persecution entails punishment or the infliction of suffering or harm, but harassment or discrimination without more does not rise to the level of persecution." *Ali v. Ashcroft*, 366 F.3d 407, 410 (6th Cir. 2004) (internal quotation marks and citation omitted). Furthermore, "persecution" must be inflicted "by the government, or persons the government is unwilling or unable to control." *Urbina-Mejia v. Holder*, 597 F.3d 360, 365 (6th Cir. 2010) (internal quotation marks and citation omitted). Esteban must therefore demonstrate a reasonable possibility that he will be persecuted due to his membership in the alleged social group—in this case "Guatemalans who are perceived to possess a significant amount of wealth because they have lived in the United States." *See Pablo-Sanchez v. Holder*, 600 F.3d 592, 594 (6th Cir. 2010).

Withholding of removal entails a higher burden of proof than asylum. *See id*. To be granted withholding of removal, Esteban "must demonstrate that there is a clear probability that he will be subject to persecution if forced to return to the country of removal." *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005) (internal quotation marks and citation omitted). Thus, if Esteban "fails to establish his eligibility for asylum," he also "necessarily fails to establish his eligibility for withholding of removal." *Lin*, 565 F.3d at 979.

Esteban argues he is entitled to a presumption of future persecution because he established past persecution. To this end, he highlights his testimony that Guatemalan gangs specifically targeted and robbed him because they knew his father sent money from the United States. Further, Esteban contends he has a reasonable fear that he will again be targeted by Guatemalan gangs because he is a member of a group he defines as, "Guatemalans who are perceived to possess a

significant amount of wealth because they have lived in the United States." This argument lacks merit.

Being perceived as an affluent Guatemalan is not a group membership recognized by either the asylum or the withholding of removal statutes. *See Rivera-Barrientos v. Holder,* 658 F.3d 1222, 1234 (10th Cir. 2011); *Lopez-Castro v. Holder*, 577 F.3d 49, 54–55 (1st Cir. 2009); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 71–74 (2d Cir. 2007). Esteban's attempt to distinguish his "group" from the rejected group "Affluent Guatemalans" by adding the characteristic "hav[ing] lived in the United States" is unavailing. *See Lopez-Castro,* 577 F.3d at 54.

In addition, Esteban's evidence demonstrated that gang violence is prevalent in Guatemala. However, specific victims are not targeted by the gangs. A generalized fear of violence is "insufficient to establish persecution." *Almuhtaseb v. Gonzales*, 453 F.3d 743, 750 (6th Cir. 2006).

Further, although he testified that the police failed to follow-up on the one robbery he reported, Esteban did not establish that the Guatemalan government condones gang violence. *See Stserba v. Holder*, 646 F.3d 964, 979 (6th Cir. 2011). Thus, Esteban has not satisfied his burden under 8 U.S.C. § 1252(b)(4)(B).

Finally, Esteban failed to qualify for relief under the Convention Against Torture because he did not establish that he faced a well-founded fear of persecution. *See Ramaj v. Gonzales*, 466 F.3d 520, 532 (6th Cir. 2006).

The petition for review is denied.