**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0456n.06

No. 11-3447

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 01, 2012*

LEONARD GREEN, Clerk

ESTEBAN JESUS ESTEBAN JOSE;
ISABELLA LUCAS ESTEBAN,

    Petitioners,

v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW FROM
A FINAL ORDER OF THE BOARD
OF IMMIGRATION APPEALS

Before:  MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Esteban Jesus Esteban Jose and Isabella Lucas-Esteban, who are married and are citizens of Guatemala, petition for review of a decision by the Board of Immigration Appeals that affirmed an immigration judge's (IJ) denial of Esteban's applications for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture.  Isabella is a derivative on Esteban's asylum application.

Esteban and Isabella married in 1983 and have two sons born in Guatemala. Esteban illegally entered the United States in January 1991.  In July 1992, citing the then-occurring civil war in Guatemala, Esteban filed an application for asylum, withholding of removal, and relief under the Convention Against Torture.  Although Isabella was still in Guatemala at the time, Esteban included

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

her as a derivative on his application. Isabella illegally entered the United States in June 1998. Thereafter, Esteban and Isabella had a third son born in the United States. In August 2007, the Department of Homeland Security initiated removal proceedings against Esteban and Isabella by issuing them Notices to Appear. At a hearing on October 11, 2007, Esteban and Isabella conceded removability. Esteban also indicated that he would be filing an application for cancellation of removal based on his son's United States citizenship. The IJ conducted a removal hearing on May 20, 2009.

Esteban was the sole witness to testify at the hearing. After his testimony, the IJ issued an oral decision. Noting that Guatemala's civil war was long over, the IJ denied Esteban's application for asylum, withholding of removal, and relief under the Convention Against Torture because Esteban did not show a likelihood that he would be persecuted due to membership in a particular social group. Acknowledging the hardships Esteban's United States citizen son would face living in Guatemala, the IJ concluded that such hardships were not exceptional and unusual. Therefore, the IJ denied the cancellation of removal request.

Esteban appealed the IJ's decision to the Board. The Board agreed with the IJ's conclusions and affirmed the IJ's decision.

In his petition for review, Esteban argues that the Board and the IJ violated his due process rights by failing to adequately consider the hardships that his United States citizen son will face in Guatemala. He also contends that he established a fear of persecution due to his membership in a social group defined as "Guatemalans who are perceived to possess a significant amount of wealth because they have lived in the United States."

An immigrant is eligible for cancellation of removal if he: (1) "has been physically present in the United States for a continuous period of not less than 10 years"; (2) "has been a person of good

moral character during such period"; (3) has not been convicted of certain criminal offenses; and (4) "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(A)-(D). The Attorney General has discretion to deny relief even if the applicant satisfies all four elements. *See Santana-Albarran v. Ashcroft*, 393 F.3d 699, 702 (6th Cir. 2005).

Judicial review of discretionary determinations regarding cancellation of removal is barred by 8 U.S.C. § 1252(a)(2)(B)(i). Section 1252(a)(2)(B)(ii) further bars judicial review of discretionary determinations with respect to a finding of the lack of an exceptional and extremely unusual hardship. *See Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502–03 (6th Cir. 2008). Despite these jurisdictional bars, we retain jurisdiction to review constitutional claims, 8 U.S.C. § 1252(a)(2)(D), and claims that the Board disregarded its own precedents in making a hardship determination. *Id*.

The IJ found that Esteban satisfied the first three elements for cancellation of removal, but failed to satisfy the fourth. Esteban complains that the IJ and Board failed to "fully consider" the impact the move to Guatemala would have on his United States son. Because Esteban essentially challenges the IJ's assessment of the evidence in finding a lack of "exceptionally and extremely unusual" hardship, and the decision does not violate Board precedent, we lack jurisdiction to entertain his argument. *Id.; Valenzuela-Alcantar v. INS*, 309 F.3d 946, 949–50 (6th Cir. 2002).

"Where the [Board] reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the [Board's] decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "Questions of law are reviewed de novo, but substantial deference is given to the [Board's] interpretation of the

[Immigration and Nationality Act] and accompanying regulations." *Id*. Factual findings are reviewed "under the substantial evidence standard." *Ben Hamida v. Gonzales*, 478 F.3d 734, 736 (6th Cir. 2007). "These findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (internal quotation marks and citation omitted).

"To establish eligibility for asylum, [Esteban] must establish he is a 'refugee' within the meaning of . . . 8 U.S.C. § 1101(a)(42)." *Lin v. Holder*, 565 F.3d 971, 976 (6th Cir. 2009). Esteban therefore "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). "Persecution entails punishment or the infliction of suffering or harm, but harassment or discrimination without more does not rise to the level of persecution." *Ali v. Ashcroft*, 366 F.3d 407, 410 (6th Cir. 2004) (internal quotation marks and citation omitted). Furthermore, "persecution" must be inflicted "by the government, or persons the government is unwilling or unable to control." *Urbina-Mejia v. Holder*, 597 F.3d 360, 365 (6th Cir. 2010) (internal quotation marks and citation omitted). Esteban must therefore demonstrate a reasonable possibility that he will be persecuted due to his membership in the alleged social group: "Guatemalans who are perceived to possess a significant amount of wealth because they have lived in the United States." *See Pablo-Sanchez v. Holder*, 600 F.3d 592, 594 (6th Cir.), cert. denied, 131 S. Ct. 573 (2010).

Withholding of removal entails a higher burden of proof than asylum. *See id*. To be granted withholding of removal, Esteban "must demonstrate that there is a clear probability that he will be subject to persecution if forced to return to the country of removal." *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005) (citation and internal quotation marks omitted). Thus, if Esteban "fails to establish his eligibility for asylum," he also "necessarily fails to establish his eligibility for withholding of removal." *Lin*, 565 F.3d at 979.

Being perceived as an affluent Guatemalan is not a group membership recognized by either the asylum or the withholding of removal statutes. *Lopez-Castro v. Holder*, 577 F.3d 49, 54–55 (1st Cir. 2009); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 71–74 (2d Cir. 2007). A generalized fear of violence is "generally insufficient to establish persecution." *Almuhtaseb v. Gonzales*, 453 F.3d 743, 750 (6th Cir. 2006). Further, Esteban did not establish that the Guatemalan government condones the violence that he fears. *See Stserba v. Holder*, 646 F.3d 964, 979 (6th Cir. 2011). Thus, Esteban has not satisfied his burden under 8 U.S.C. § 1252(b)(4)(B).

Finally, we note that although he waived review of his Convention Against Torture claim by not raising it, *see Benge v. Johnson*, 474 F.3d 236, 245 (6th Cir. 2007), Esteban failed to qualify for relief under the Convention because he did not establish that he faced a well-founded fear of persecution. *See Ramaj v. Gonzales*, 466 F.3d 520, 532 (6th Cir. 2006).

The petition for review is denied.