NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1140n.06

No. 11-3994

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Nov 05, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MIRNA MARIBEL VINDEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF THE |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |

Before: MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM. Mirna Maribel Vindel petitions for review of an order by the Board of Immigration Appeals dismissing her appeal from the decision of an immigration judge (IJ) that denied her applications for withholding of removal and protection under the Convention Against Torture.

Vindel is a native and citizen of Honduras who entered the United States without authorization. On April 21, 2008, the Department of Homeland Security commenced removal proceedings against Vindel by issuing a Notice to Appear. Vindel indicated that she entered the United States on January 1, 1998, admitted the allegations contained in the Notice to Appear, and conceded removability. She applied for asylum, withholding of removal, and protection under the Convention Against Torture.

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

Following a hearing, an IJ denied relief from removal and ordered Vindel's removal to Honduras. The Board dismissed Vindel's appeal.

Vindel filed a timely petition for review of the Board's order. She challenges the denial of withholding of removal, arguing that she established "a clear probability of future persecution, and that the persecution she fears is on account of an enumerated ground under the [Immigration and Nationality Act]."

Where, as here, "the [Board] did not summarily affirm or adopt the [immigration judge's] reasoning and provided an explanation for its decision, we review the [Board]'s decision as the final agency determination." *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). "To the extent the [Board] adopted the immigration judge's reasoning, however, this Court also reviews the immigration judge's decision." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009).

To qualify for withholding of removal, an alien must establish that his "life or freedom would be threatened in [the proposed] country [of removal] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). An applicant for withholding of removal must establish a clear probability of persecution, *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005), by demonstrating "that it is more likely than not that his life or freedom would be threatened by persecution if he returned to his home country." *Pablo-Sanchez v. Holder*, 600 F.3d 592, 594 (6th Cir. 2010) (internal quotation marks and citation omitted). Persecution is "the infliction of harm or suffering by the government, or persons the government is unwilling or unable to control, to overcome a characteristic of the victim." *Khalili*, 557 F.3d at 436.

Vindel sought withholding of removal based upon her membership in a particular social group. In her application for relief, Vindel stated that she fears "future persecution because she has been in the United States and gang members may assume that she has possession of or access to large quantities of U.S. dollars." Vindel further stated that "she is a single female who has lived in the United States for more than 10 years," and "fears she will become an easy target for gang

members who assume that she has U.S. money." Vindel stated that Honduran gang members are aware of her situation and will harm or kill her and her children based upon her perceived wealth. She also fears future persecution if removed to Honduras "due to the rampant criminal activity perpetrated by gang members."

The IJ found that Vindel's testimony was not credible and that she did not qualify for relief from removal. The Board disagreed with the IJ's credibility finding, but agreed with the IJ's determination that Vindel did not qualify for withholding of removal. The Board agreed with the IJ's determination that Vindel "has not identified herself as belonging to a group having the requisite social visibility to qualify as a particular social group" with respect to her fear of persecution based upon her perceived wealth. In addition, the Board concluded that Vindel failed to establish a claim even if her "family comprises a particular social group." The Board rejected Vindel's claim that she would be targeted by gang members or, more specifically, the two particular gang members who killed her brother, due to her relationship to her brother. The Board found that Vindel "provided no evidence, direct or circumstantial, that the men she fears would be motivated by a desire to punish or overcome that familial relationship." The Board also noted that Vindel's "parents, siblings, and children remain in Honduras, and have not been physically harmed by anyone since [Vindel] left that country in 1998."

Substantial evidence supports the decision of the Board. *See Zoarab v. Mukasey*, 524 F.3d 777, 780 (6th Cir. 2008). Although Vindel may be perceived as wealthy as a result of her lengthy residency in the United States, she failed to establish that she belongs to a particular social group for purposes of withholding of removal. Nor does Vindel's fear of gangs establish a basis for membership in a particular social group. *See Almuhtaseb v. Gonzales*, 453 F.3d 743, 750 (6th Cir. 2006). Even if Vindel's family constitutes a particular social group, her fear of gang violence based upon the death of her brother does not support her claim for withholding of removal. *See Akhtar v. Gonzales*, 406 F.3d 399, 405–06 (6th Cir. 2005).

Vindel testified that one of the gang members responsible for her brother's death was arrested for the crime. This fact establishes that the Honduran government is not indifferent to gang violence or unable to control it. *See Stserba v. Holder*, 646 F.3d 964, 979 (6th Cir. 2011). Although Vindel's appellate brief mentions the Convention Against Torture, the brief contains no reasoned arguments challenging the Board's determination that she is not entitled to relief from removal under the statute. The argument is therefore deemed waived. *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005).

The petition for review is denied.