ROGERS, J.,
concurring.
While reversal appears procedurally proper, it leads to a somewhat anomalous result. Our decision represents a limited procedural holding that is unlikely to change the result in this case. Although on remand, the BIA must “presume[ ] that the applicant’s life or freedom would be threatened in the future in the country of removal on the basis of the original claim,” 8 C.F.R. § 208.16(b)(l)(I), not even Torres alleges that he will be persecuted on the basis of his original claim — kinship ties. Even if he were to benefit from the presumption that a finding of past persecution would afford him, that presumption would not affect the legal conclusion that he has not alleged a protected ground as the basis for the future harm he fears.
Torres did not argue in the administrative proceedings that the future harm he fears in El Salvador is related to the kinship ties that led to his persecution as a child. Moreover, the Immigration Judge (IJ) acknowledged that the unstable, warlike conditions present in El Salvador at the time Torres and his mother fled the country are no longer present. A.R. at 62. Instead, Torres argued that his status as a young man in El Salvador (and perhaps one who is known to have returned from the United States) would make him a target for gang recruitment and/or harassment. A.R. at 60-61. This circuit’s precedent supports the BIA’s and the IJ’s conclusions that this status does not amount to a legally cognizable “protected group” for purposes of withholding of removal. See, e.g., Vindel v. Holder, No. 11-3994, 2012 WL 5382942, at *2 (6th Cir. Nov. 5, 2012); Esteban v. Holder, 478 Fed.Appx. 301, 303 (6th Cir.2012); see also Matter of S-E-G-, 24 I. & N. Dec. 579 (BIA 2008).