NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0152n.06

No. 13-3723

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 25, 2014
DEBORAH S. HUNT, Clerk

MANUEL SAUCEDO-SOLIS,                          )
                                               )
        Petitioner,                            )
                                               )     ON PETITION FOR REVIEW
v.                                             )     FROM THE UNITED STATES
                                               )     BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General,         )     APPEALS
                                               )
        Respondent.                            )
                                               )
                                               )

        BEFORE: KEITH, COOK, and KETHLEDGE, Circuit Judges.

        PER CURIAM. Manuel Saucedo-Solis, a native and citizen of Mexico, petitions this

court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal

from an immigration judge's decision pretermitting his application for cancellation of removal,

denying his applications for withholding of removal and protection under the Convention

Against Torture (CAT), and ordering his removal to Mexico. We deny the petition.

        Saucedo-Solis entered the United States in 1998 without inspection and twice returned to

Mexico for short periods of time, most recently in 2007. On April 16, 2007, while he was

attempting to reenter the United States, border patrol agents apprehended Saucedo-Solis, took his

fingerprints and photograph, and completed a Form I-213, Record of Deportable/Inadmissible

Alien. Saucedo-Solis signed a Form I-826, Notice of Rights and Request for Disposition,

indicating that he admitted that he was in the United States illegally, that he was giving up his

right to a hearing before the immigration court, and that he wished to return to Mexico as soon as

possible. Shortly after his return to Mexico, Saucedo-Solis reentered the United States without inspection.

On August 26, 2009, the Department of Homeland Security served Saucedo-Solis with a notice to appear charging him with removability under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. Saucedo-Solis filed an application for cancellation of removal on the basis that his removal would result in exceptional and extremely unusual hardship to his four United States citizen children. The immigration judge (IJ) granted the government's motion to pretermit the application for cancellation of removal, determining that Saucedo-Solis did not have the requisite ten-year period of continuous physical presence in the United States because of his voluntary return to Mexico in 2007. Saucedo-Solis also filed an application for withholding of removal and CAT protection, asserting that several members of his family had been threatened by the Zetas, a Mexican drug cartel, and that he feared returning to Mexico because the Zetas, thinking that he would return to the United States with money, would kidnap him for ransom. After a hearing, the IJ concluded that Saucedo-Solis failed to demonstrate eligibility for withholding of removal or CAT protection. Saucedo-Solis filed an appeal, which the BIA dismissed.

This timely petition for review followed. "Because the BIA adopted and supplemented the IJ's decision, we review the opinion of the IJ in conjunction with the BIA's additional comments and discussion." *Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1149 (6th Cir. 2010). We review questions of law de novo but give substantial deference to the BIA's interpretation of the INA and accompanying regulations, upholding that interpretation unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir.

2009) (quoting *Morgan v. Keisler*, 507 F.3d 1053, 1057 (6th Cir. 2007)). Factual findings are reviewed for substantial evidence and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)).

To be eligible for cancellation of removal, Saucedo-Solis must demonstrate that he "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application." 8 U.S.C. § 1229b(b)(1)(A). The BIA has held that an alien's voluntary departure from the United States under threat of removal breaks the period of continuous physical presence, provided that the alien was subjected to a "formal, documented process pursuant to which the alien was determined to be inadmissible to the United States." *In re Avilez-Nava*, 23 I. & N. Dec. 799, 805-06 (BIA 2005); *see also In re Romalez-Alcaide*, 23 I. & N. Dec. 423, 429 (BIA 2002). Saucedo-Solis challenges the BIA's interpretation of the continuous physical presence requirement. We join the many other circuits holding that the BIA's interpretation is reasonable and entitled to deference. *See Garcia v. Holder*, 732 F.3d 308, 312 (4th Cir. 2013) (citing cases). Saucedo-Solis does not assert that he was not subjected to a "formal, documented process" when border patrol agents apprehended him on April 16, 2007. Accordingly, the BIA properly upheld the IJ's determination that Saucedo-Solis was ineligible for cancellation of removal because his voluntary return to Mexico under threat of removal broke his period of continuous physical presence.

Withholding of removal "is mandatory if the alien establishes that his 'life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Khalili*, 557 F.3d at 435 (quoting 8 U.S.C. § 1231(b)(3)(A)). Where, as here, Saucedo-Solis has not suffered past persecution, he

may demonstrate that his life or freedom would be threatened in the future if he can establish that it is "more likely than not" that he would be persecuted on account of a protected ground upon removal. 8 C.F.R. § 1208.16(b)(2).

Saucedo-Solis contends that he is eligible for withholding of removal based on his membership in a particular social group, which he articulates as "Mexican citizens who have established a lengthy residence in the U.S. and who have vulnerable family members." (Pet'r's Br. 26). In his application and his testimony before the IJ, Saucedo-Solis claimed that the Zetas would kidnap him, presuming that he has money because of his lengthy residence in the United States, and kill him because he has no money to pay the ransom. Being perceived as having money as a result of living in the United States is not a group membership recognized by the INA. *See Palokaj v. Holder*, 510 F. App'x 464, 468 (6th Cir. 2013); *Cristobal-Leon v. Holder*, 510 F. App'x 397, 399 (6th Cir. 2013) (per curiam); *Vindel v. Holder*, 504 F. App'x 396, 398 (6th Cir. 2012) (per curiam); *Jose v. Holder*, 478 F. App'x 312, 315 (6th Cir. 2012) (per curiam); *Esteban v. Holder*, 478 F. App'x 301, 303 (6th Cir. 2012) (per curiam). Furthermore, Saucedo-Solis's sister and cousin who live in the United States testified that they have visited Mexico without harm. Substantial evidence supports the conclusion that Saucedo-Solis failed to establish eligibility for withholding of removal.

To be eligible for CAT protection, Saucedo-Solis must demonstrate that "it is more likely than not that he . . . would be tortured if removed to" Mexico "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Saucedo-Solis contends that the IJ applied the wrong standard, requiring him to prove that the entire Mexican government, rather than a public official, would acquiesce to his torture. The IJ correctly quoted the regulatory language in his

decision. In any event, Saucedo-Solis failed to show that he himself would be tortured if removed, given that his parents and siblings continue to live in Mexico without harm and that his sister and cousin living in the United States have visited Mexico without harm. *See Almuhtaseb v. Gonzales*, 453 F.3d 743, 750 (6th Cir. 2006). Substantial evidence supports the conclusion that Saucedo-Solis failed to establish eligibility for CAT protection.

For the foregoing reasons, we deny Saucedo-Solis's petition for review.