**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0415n.06

No. 13-3829

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 10, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| SAMUEL CANO-HUERTA, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) APPEALS |
| | ) |
| Respondent. | ) |

BEFORE: GRIFFIN, WHITE, and STRANCH, Circuit Judges.

PER CURIAM. Samuel Cano-Huerta, a Mexican citizen, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an immigration judge (IJ) denying his application for withholding of removal.

Cano-Huerta was born in Mexico in 1983. He entered the United States in 2000, and has since lived with his brother in Tennessee and worked in construction. Cano-Huerta testified that he has not returned to Mexico since arriving in the United States. When placed in removal proceedings, he sought withholding on the basis that he feared persecution on account of his membership in a social group. At a hearing before an IJ, Cano-Huerta testified that prior to leaving Mexico, he was attacked and robbed near his home by gang members, one of whom had a knife. The gang members told Cano-Huerta they would kill him if he told police. He did not report the attack.

A few years later, while he was living in the United States, Cano-Huerta parents were allegedly attacked and robbed in their home in Mexico by members of the same gang. His father was drugged and kidnapped, held for approximately ten hours and then left "on the hills." His parents reported the attack to the police, but nothing was done. Cano-Huerta testified that he believed the gang members targeted his parents because the gang believed he and his brother were sending money from the United States to their parents in Mexico. Cano-Huerta feared that he would be attacked and robbed by gang members again if he returned to Mexico, because he would be perceived as wealthy as a result of having lived in the United States. He testified that the police are corrupt and would not investigate such crimes and that there is no place in Mexico where he would feel safe because the gang that attacked him exists all over Mexico.

The IJ concluded that Cano-Huerta had not suffered persecution and had not shown a clear probability of future persecution on the basis of a protected ground should he be returned to Mexico. Consequently, Cano-Huerta's application was denied. The BIA affirmed the IJ's decision, provided additional analysis explaining its decision to deny withholding of removal, and dismissed the appeal. In his brief before this court, Cano-Huerta attempts to raise a due process claim. However, he identifies no defect in the proceedings below, only his disagreement with the result. We therefore review the merits of his request for withholding of removal.

"Where, as here, the BIA issued a separate opinion, rather than summarily affirming the IJ's decision, we review the BIA's decision as the final agency determination. To the extent the BIA adopted the immigration judge's reasoning, however, we also review the immigration judge's decision." *Hachem v. Holder*, 656 F.3d 430, 437 (6th Cir. 2011) (internal quotation marks omitted). The denial of an application for withholding of removal will be upheld unless it is manifestly contrary to law. *Almuhtaseb v. Gonzales*, 453 F.3d 743, 749 (6th Cir. 2006). This

court reviews factual findings of the BIA and IJ for substantial evidence. *Hanna v. Holder*, 740 F.3d 379, 386 (6th Cir. 2014). In order for this court "[t]o reverse under the substantial evidence standard, the evidence must be so compelling that no reasonable factfinder could fail to find the facts were as the alien alleged." *Id.* (internal quotation marks omitted).

In order to be entitled to withholding of removal, an applicant must demonstrate a clear probability that he will be persecuted on account of a protected ground if he returns to his country. *See Almuhtaseb,* 453 F.3d at 749. If the applicant establishes past persecution, he is entitled to a rebuttable presumption that he will be persecuted if returned. *Khozhaynova v. Holder*, 641 F.3d 187, 193 (6th Cir. 2011) (citing 8 C.F.R. § 1208.16(b)(1)).

The IJ's determination that Cano-Huerta was not entitled to withholding of removal based on past persecution was not contrary to law, and the IJ's underlying factual findings were supported by substantial evidence. "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive. [It] entails punishment of the infliction of suffering or harm, but harassment or discrimination without more does not rise to the level of persecution." *Ali v. Ashcroft*, 366 F.3d 407, 410 (6th Cir. 2004) (internal citation and quotation marks omitted). Even accepting Cano-Huerta's uncorroborated testimony that he and his parents had been attacked and robbed by gang members, these incidents did not amount to persecution.[1] *See Pilica v. Ashcroft*, 388 F.3d 941, 954 (6th Cir. 2004) (concluding that isolated occurrences in which petitioner was beaten and jailed by police did not amount to past persecution).

The conclusion of the BIA and IJ—that Cano-Huerta had not established a clear probability of persecution on account of a protected ground if he was returned to Mexico—also

---

[1]The BIA incorrectly stated that Cano-Huerta did not allege past persecution in his appeal from the decision of the IJ. He clearly discussed the past persecution standard and argued that he was entitled to the presumption of future persecution. AR 18–21. Because he properly presented this argument to the BIA and the BIA considered his withholding of removal claim, he has exhausted his administrative remedies and this court may consider his past persecution argument. *See Bi Xia Qu v. Holder*, 618 F.3d 602, 609 (6th Cir. 2010).

was not contrary to law. A victim of random criminal activity does not qualify for withholding of removal on the ground of persecution, and membership in a family that has been victimized does not constitute membership in a particular social group entitled to protection unless the family has been targeted for its association with a particular social group, political opinion, or other protected ground. *See Khozhaynova*, 641 F.3d at 195 (holding that a series of criminal acts perpetrated by non-government criminals to extort money did not constitute persecution on account of membership in a social group); *Rodriguez v. U.S. Attorney Gen.*, 735 F.3d 1302, 1310 (11th Cir. 2013) (holding that members of a family targeted by drug traffickers in Mexico did not constitute a social group). Furthermore, criminal exploitation motivated by the perceived wealth of former inhabitants of the United States is not tantamount to persecution based on a protected ground. *See Esteban v. Holder*, 478 F. App'x 301, 303 (6th Cir. 2012) (citing *Lopez-Castro v. Holder*, 577 F.3d 49, 54 (6th Cir. 2009); *Jutus v. Holder*, 723 F.3d 105, 111 (1st Cir. 2013).

Accordingly, we deny the petition for review.