**Dionicio Alfonso GALDAMEZ,
Petitioner,**

**v.**

**Loretta E. LYNCH, U.S. Attorney
General, Respondent.**

No. 15–3073.

United States Court of Appeals,
Sixth Circuit.

Nov. 19, 2015.

BEFORE: GRIFFIN and KETHLEDGE, Circuit Judges; CLELAND, District Judge.*

PER CURIAM.

Dionicio Alfonso Galdamez petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We dismiss in part and deny in part Galdamez's petition.

Galdamez, a native and citizen of El Salvador, entered the United States without inspection in 1998. Galdamez obtained temporary protected status (TPS) in 2001. In July 2012, U.S. Citizenship and Immigration Services withdrew Galdamez's TPS because of his misdemeanor convictions. In July 2014, the Department of Homeland Security (DHS) served Galdamez with a notice to appear in removal proceedings, charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Galdamez appeared before an immigration judge (IJ) and conceded removability. The DHS subsequently lodged an additional charge of removability as an alien who has been convicted of, or admits committing acts which constitute the essential elements of, a violation of a law relating to a controlled substance. *See* 8 U.S.C.

§ 1182(a)(2)(A)(i)(II). Galdamez conceded removability on this basis as well.

Galdamez filed an application for asylum, withholding of removal, and CAT protection, asserting that he will be targeted by gangs if he returns to El Salvador. At the merits hearing before the IJ, counsel clarified that Galdamez sought relief based on his membership in three social groups: (1) his family, (2) El Salvadoran males who are presumed to be affluent because they have lived in the United States for a number of years, and (3) El Salvadoran males who oppose gang recruitment. When the hearing concluded, the IJ denied Galdamez's applications for relief and ordered his removal to El Salvador. The IJ determined that Galdamez's asylum application was untimely and that he failed to meet his burden of proof with respect to withholding of removal and CAT protection. Galdamez filed an appeal, which the BIA dismissed. This timely petition for review followed.

"[W]e have jurisdiction to review asylum applications denied for untimeliness only when the appeal seeks review of constitutional claims or matters of statutory construction, not when the question is discretionary or factual." *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir.2011) (internal quotation marks omitted); *see* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Galdamez's argument that he has demonstrated changed circumstances and filing of his asylum application within a reasonable period following those changed circumstances presents a challenge to the IJ's factual determinations. *See Khozhaynova*, 641 F.3d at 191–92; *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir.2006). We therefore dismiss Galdamez's petition in part for lack of jurisdiction.

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

We have jurisdiction to review the denial of Galdamez's applications for withholding of removal and CAT protection. Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir.2009). To the extent that the BIA adopted the IJ's reasoning, we also review the IJ's decision. *Id.* We review the agency's factual determinations for substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Dieng v. Holder*, 698 F.3d 866, 871–72 (6th Cir. 2012).

■ To qualify for withholding of removal, Galdamez must demonstrate a clear probability that his "life or freedom would be threatened" in El Salvador because of his membership in a particular social group cognizable under the Immigration and Nationality Act (INA). 8 U.S.C. § 1231(b)(3)(A); *see Urbina–Mejia v. Holder*, 597 F.3d 360, 365 (6th Cir.2010). Galdamez claims that his mother has been extorted by gangs in El Salvador and that if she stops paying them, the gangs will kill her family members. While family membership has been recognized as membership in a particular social group, *see Al–Ghorbani v. Holder*, 585 F.3d 980, 995 (6th Cir.2009), substantial evidence supports the BIA's conclusion that Galdamez's family membership would not be the motivation for his feared harm. Galdamez's other proposed social groups—El Salvadoran males who are presumed to be affluent because they have lived in the United States and El Salvadoran males who oppose gang recruitment—are not cognizable under the INA. *See Saucedo–Solis v. Holder*, 556 Fed.Appx. 471, 474 (6th Cir.

2014) ("Being perceived as having money as a result of living in the United States is not a group membership recognized by the INA.") (citing cases); *Umana–Ramos v. Holder*, 724 F.3d 667, 673–74 (6th Cir. 2013) (holding that young El Salvadoran men who have refused to join gangs is not a cognizable social group). Furthermore, Galdamez's brother, who lived in the United States for several years, returned to El Salvador without harm. According to the BIA, Galdamez's claim for withholding of removal also failed because he had not demonstrated that the government in El Salvador was unwilling or unable to control the gangs and protect him from harm. *See Khalili*, 557 F.3d at 436. The record, which reflects the government's efforts to control the gangs, does not compel a contrary conclusion.

■ To be eligible for CAT protection, Galdamez must demonstrate that it is more likely than not that, if he is removed, he will suffer torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see* 8 C.F.R. § 1208.16(c)(2). As the BIA pointed out, Galdamez failed to show that he had been tortured in the past or that government officials would seek to torture him or would acquiesce in his torture upon his return to El Salvador. *See Castro v. Holder*, 530 F. App'x 513, 517 (6th Cir. 2013). Substantial evidence, including the evidence of the government's steps to address the gang activity, supports the conclusion that Galdamez failed to establish eligibility for CAT protection.

Accordingly, we dismiss in part and deny in part Galdamez's petition for review.