NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0543n.06

No. 14-3379

**FILED**
Sep 20, 2016
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| EFRAIN CAMACHO-VILLA | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| LORETTA E. LYNCH, U.S. Attorney General, | ) | BOARD OF IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

**BEFORE:    SILER, GIBBONS, and COOK, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.**  Efrain Camacho-Villa, a Mexican citizen, seeks review of the Board of Immigration Appeals' (BIA) denial of his application for asylum and withholding of removal.  The BIA affirmed the Immigration Judge's (IJ) determination that Camacho-Villa has not shown he belongs to a social group cognizable under the Immigration and Nationality Act (INA).  Because Mexicans returning from the United States who are perceived to have money do not constitute a particular social group, we deny Camacho-Villa's petition for review.

**I.**

Efrain Camacho-Villa is a native and citizen of Mexico.  He entered the United States on July 8, 2003 on a tourist visa and overstayed this six-month visa after his wife became pregnant in October 2003.  He has not left the United States since his entry.

On May 18, 2010, the Department of Homeland Security (DHS) issued Camacho-Villa a Notice to Appear on the basis that he had remained in the United States longer than permitted under his tourist visa, which rendered him removable under 8 U.S.C. § 1227(a)(1)(B). On October 13, 2010, Camacho-Villa appeared unrepresented before an immigration judge, admitted the charges in the Notice to Appear, and conceded he was removable. He appeared with counsel on March 2, 2011 and filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

At a hearing before the IJ on June 5, 2012 Camacho-Villa testified that he became aware of problems in Mexico in 2007 or 2008 after his son was born. Camacho-Villa testified that he heard that things were getting worse there in 2009 and stayed the same in 2010. The basis of his understanding of these problems was the news, his family, and friends. Camacho-Villa also testified regarding experiences of his family members. In 2009, a group of men came to his cousin's house and stole his car. In April 2012, three cousins were kidnapped and then killed, and in May 2012, his nephew was also killed. Camacho-Villa stated that he is afraid of returning to Mexico because of the level of crime and because people think those returning from the United States to Mexico have money. Camacho-Villa stated he does not think he is different from anyone else who lives in Mexico but is afraid of the general crime there.

In an oral decision delivered the day of the hearing, the IJ denied Camacho-Villa's application for asylum, withholding of removal, and relief under CAT. The judge found that, while Camacho-Villa was credible, he did not submit his asylum application within one year of his entry into the United States nor did he submit the application within six months of when a change in circumstance occurred (*i.e.*, when he became afraid of returning to Mexico in 2007 or 2008). The judge further found that even if the application had been timely, Camacho-Villa

testified that he only feared routine criminal violence in Mexico; there was no connection between his fear of harm and a protected ground. Thus, because Camacho-Villa's fear did not relate to a protected ground, the IJ denied his application for asylum and withholding of removal while granting his request for voluntary departure.

Before the BIA, Camacho-Villa argued that he filed his asylum application within a reasonable period of time after he learned of the violence against his family members, a change in circumstances. He also asserted that he established a well-founded fear of future persecution based on his membership in a particular social group: Mexicans returning to Mexico from the United States who are perceived to have money.

The BIA dismissed Camacho-Villa's appeal. It held that even if Camacho-Villa's application were timely, he failed to establish that he has a well-founded fear of persecution based on a statutorily protected ground. The particular social group Camacho-Villa claimed to belong to is not cognizable because it is too loosely defined and would include a large percentage of Mexican society. As a result, Camacho-Villa did not show a nexus between the harm he feared upon returning to Mexico and a statutorily protected ground. Camacho-Villa then petitioned this Court for review of the BIA's decision.

## II.

Camacho-Villa argues that his case should be remanded for (1) him to reformulate his particular social group in light of new case law and (2) the immigration judge to conduct further fact-finding regarding the timeliness of his asylum application in light of *Mandebvu v. Holder*, 755 F.3d 417, 425–28 (6th Cir. 2014). Thus, Camacho-Villa, as the government argues, has likely waived any challenge to the merits of the BIA's decision. *See Ahlers v. Schebil*, 188 F.3d 365, 374 (6th Cir. 1999) (holding that claims not addressed in a party's appellate briefs are

waived). Even if this argument were not waived, however, Camacho-Villa cannot establish that he is a member of a particular social group cognizable under the INA; his asylum application thus fails on the merits. Because consideration of new case law, even assuming Camacho-Villa's application were timely, would not alter the fact that he cannot show a nexus between the harm he fears in Mexico and one of the INA's five protected grounds, we deny Camacho-Villa's petition for review.

**A.**

Aliens at risk of persecution upon return to their home countries have available three primary forms of relief, two of which are relevant here since Camacho-Villa has waived relief under CAT: withholding of removal under the INA, 8 U.S.C. § 1231(b)(3), and asylum under 8 U.S.C. § 1158. To qualify for asylum, a petitioner must meet the definition of refugee under 8 U.S.C. § 1101(a)(42)(A), which refers to a person "who is unable or unwilling to return to" his or her home country "because of persecution or a well-founded fear of persecution" based on one of the five protected grounds of "race, religion, nationality, membership in a particular social group, or political opinion." To qualify for withholding of removal, a petitioner "must show that it is more likely than not that he would be subject to persecution on the basis of one of these five grounds were he removed from this country." *Shkulaku-Purballori v. Mukasey*, 514 F.3d 499, 503 (6th Cir. 2007) (citation and internal quotation marks omitted).

Camacho-Villa argued before the BIA that he has a well-founded fear of persecution based on his membership in a particular social group: Mexicans who return to Mexico from the United States and are perceived to have money. But we have held that such a group is not cognizable under the INA as a particular social group. *Sanchez-Robles v. Lynch*, 808 F.3d 688, 692 (6th Cir. 2015). Moreover, Camacho-Villa's fear of generalized violence and crime does not

support his asylum claim. *See Santana v. Lynch*, 627 F. App'x 447, 450 (6th Cir. 2015) (denying petition for review where petitioner's testimony "focused not on how members of her proposed group are persecuted, but rather generally on how 'the criminal situation in Mexico is uncontrollable' and the 'crime is very advanced'"). Thus, as the BIA found, Camacho-Villa cannot show a nexus between the harm he fears upon his return to Mexico and one of the five protected grounds of the INA, and his application for asylum and withholding of removal is without merit.

**B.**

Because Camacho-Villa has not established a connection between his fear of future harm in Mexico and one of the statutorily protected grounds, he does not qualify for asylum or withholding of removal. And because our precedent directs that his proposed social group is not cognizable under the INA, remand to determine whether his application was timely or to allow him to change his argument regarding his social group membership would not impact the BIA's decision. *See Karimijanaki v. Holder*, 579 F.3d 710, 721 (6th Cir. 2009) ("[A] remand is not required where such a gesture would be futile."). Camacho-Villa testified before the IJ that he does not believe he is different from anyone else in Mexico and fears the crime that affects everyone there. Regardless of how he might frame this argument or whether he made it in a timely application, it does not qualify him for asylum or withholding of removal, making remand futile.

**III.**

For the foregoing reasons, we deny Camacho-Villa's petition for review.