NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0439n.06

No. 18-3032

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Aug 24, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SABINO DEALMONTE-CASTILLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| JEFFERSON B. SESSIONS III, U.S. Attorney | ) | BOARD OF IMMIGRATION |
| General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:     SILER, MOORE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.  Sabino Dealmonte-Castillo, a citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals denying his claim for asylum, withholding of removal, and protection under the Convention Against Torture.  Dealmonte-Castillo primarily contends that the Board erred in affirming a finding by the Immigration Judge that his testimony to that judge was not credible.  Even if were we to agree with Dealmonte-Castillo in this respect, however, his petition faces a more fundamental deficiency.  The relief that he seeks requires him to prove both membership in a distinct social group and a fear of persecution because of his membership in that social group.  But we have repeatedly determined that Dealmonte-Castillo's claimed social group—Mexicans who have spent time in the United States—does not so qualify as a distinct social group for purposes of a claim under the Immigration and Nationality Act, and substantial evidence supports the Board's determination that Dealmonte-Castillo was not

persecuted based on this status. Because Dealmonte-Castillo's claims necessarily fail along with his inability to make this required showing, our analysis ends at this first step.

Dealmonte-Castillo is a citizen of Mexico who first illegally entered the United States in 2003. He was discovered while in the United States because he had claimed the identity of another person in the United States, been caught using that fake identity, and been convicted of possessing a fake passport and a fake social security card. Dealmonte-Castillo agreed to voluntary removal to Mexico in 2012. Dealmonte-Castillo then re-entered the United States in 2013, was apprehended, and the removal proceeding at issue here commenced.

During proceedings before an Immigration Judge ("IJ"), Dealmonte-Castillo testified that, during his 2013 return to Matamoros, Mexico, he had been approached by members of the Golf Cartel, who requested that he work for them, an invitation that he declined. Dealmonte-Castillo claimed that the gang members approached him because "he could manage dollars, had lived in the United States," and, the cartel thought that "he could mix in with American culture." Dealmonte-Castillo alleges that Mexicans who have spent time in the United States, so-called "pochos," represent a distinctive subset in Mexican society by virtue of their dress, diet, and accent. Dealmonte-Castillo also contends that the Golf Cartel was aware of his status as a "pocho" and sought to make use of him. He testified that, after his refusal to work for them, he was kidnapped by gang members for a period of about two weeks, during which time he was threatened with harm if he did not agree to work for the gang. Dealmonte-Castillo told the IJ that he then escaped and immediately fled to the United States.

The IJ hearing this story declined to credit Dealmonte-Castillo's testimony, however. The IJ noted inconsistencies in Dealmonte-Castillo's testimony with regard to his identity-theft offenses, acknowledged the fact that Dealmonte-Castillo had been convicted of multiple fraud

related offenses, and concluded that, "[g]iven respondent's propensity for fraud . . . he has not offered credible testimony in these proceedings." Although recognizing that an adverse credibility finding was dispositive of Dealmonte-Castillo's case, the IJ additionally concluded that Dealmonte-Castillo's proposed social group of Mexicans who have spent time in the United States was not socially distinctive, and the persecution Dealmonte-Castillo alleged was related to the skills he possessed rather than to his group status.

The Board of Immigration Appeals affirmed the IJ's denial of Dealmonte-Castillo's claims. The BIA first rejected Dealmonte-Castillo's contention that the IJ had improperly relied on the fact of his prior criminal conviction to find him not credible, determining that the IJ had also relied on Dealmonte-Castillo's inconsistent testimony during the hearing. The BIA further held that Dealmonte-Castillo had not shown the sufficient nexus between his status as a Mexican returning from the United States and the persecution he claimed to have suffered.

Dealmonte-Castillo now petitions for review of the BIA's decision, but this petition fails. Even if we were to reverse the IJ's finding, upheld by the BIA, that Dealmonte-Castillo's testimony was not credible, he still would not be entitled to asylum or withholding of removal, because he has not shown that he has suffered, or will suffer, harm based on his social group status.[1]

Both asylum and withholding of removal require an alien to prove a connection between harm that would be suffered if he is returned to a country, and that alien's "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); 1158(b)(1)(B)(i). Dealmonte-Castillo's argument here is that he is a "pocho,"

---

[1] Dealmonte-Castillo made arguments under the Convention Against Torture to the Board and the IJ, but he makes no mention of that Convention in his brief, save for a mention in the Statement of Issues. Because only once noting a claim in the Statement of Issues, without any developed argument, is insufficient to preserve it, *see Pryor v. Holder*, 436 F. App'x 471, 479 (6th Cir. 2011), any argument Dealmonte-Castillo has with respect to the Convention Against Torture is forfeited.

a Mexican who has spent time in the United States, and thus a member of a distinct social group in Mexico. But we have repeatedly held that the social group of Mexicans returning from the United States is not a cognizable social group under the Immigration and Nationality Act, and its members are not entitled to relief on the basis of this identity. *See Camacho-Villa v. Lynch*, 661 F. App'x 354, 357 (6th Cir. 2016); *Sanchez-Robles v. Lynch*, 808 F.3d 688, 692 (6th Cir. 2015); *Diaz-Hernandez v. Holder*, 635 F. App'x 159, 161 (6th Cir. 2015); *Cano-Huerta v. Holder*, 568 F. App'x 371, 373 (6th Cir. 2014). Although we ourselves have not used the term "pocho," the Ninth Circuit has explained that this term is synonymous with Mexicans returning from the United States, and that a self-identified "pocho" is not entitled to withholding of removal or asylum by nature of this identity. *See Olivares-Calixto v. Sessions*, 721 F. App'x 672, 673-74 (9th Cir. 2018) (citing *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016) and *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150-52 (9th Cir. 2010)).

In addition, Dealmonte-Castillo has failed to demonstrate the required nexus between his social group membership and a fear of persecution based on that membership. Both the IJ and the BIA found that, even on Dealmonte-Castillo's account, he had been targeted for recruitment because of his perceived skills rather than on account of his identity as a "pocho." This assessment of the record is subject to review only for substantial evidence in support, *see I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), and substantial evidence did support the conclusion that Dealmonte-Castillo was targeted only because of his perceived skills. There was no indication that his "pocho" identity mattered except insofar as it aligned with those perceived skills. Dealmonte-Castillo contends that he generally fears gang violence if returned to Mexico, but we have many times rejected this argument, holding that the risk of gang violence to a Mexican returning from the United States does not entitle that person to asylum, because a generalized fear

of opportunistic gang members "is not a group membership recognized by the INA." *See Saucedo-Solis v. Holder*, 556 F. App'x 471, 474 (6th Cir. 2014) (collecting cases).

Because membership in a distinct social group and persecution as a result of that group membership are necessary prerequisites for relief under the Immigration and Nationality Act, Dealmonte-Castillo would not be entitled to asylum or withholding of removal, even if the IJ and Board had credited his testimony as true. We therefore need not reach the issue of the credibility of the testimony, since this is not necessary for our disposition of the petition.

The petition for review is DENIED.