NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0304n.06

No. 13-3634

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 23, 2014
DEBORAH S. HUNT, Clerk

CRISTOBAL RENTERIA-CORTES,           )
                                      )
        Petitioner,                   )
                                      )        ON PETITION FOR REVIEW
v.                                    )        FROM THE UNITED STATES
                                      )        BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General, )       APPEALS
                                      )
        Respondent.                   )
                                      )
                                      )

BEFORE: DAUGHTREY, McKEAGUE, and GRIFFIN, Circuit Judges.

PER CURIAM. Cristobal Renteria-Cortes, a native and citizen of Mexico, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his applications for withholding of removal and protection under the United Nations Convention Against Torture (CAT). We deny the petition for review.

Renteria-Cortes entered the United States illegally in 2000, crossing the border at or near Douglas, Arizona. In 2008, he was arrested and served with a notice to appear that charged him with removability as "[a]n alien present in the United States without being admitted or paroled." 8 U.S.C. § 1182(a)(6)(A)(i). Renteria-Cortes appeared before an immigration judge (IJ), admitted the factual allegations set forth in the notice to appear, and conceded removability as charged. Renteria-Cortes subsequently filed an application for asylum, withholding of removal, and CAT protection, in which he claimed that he feared returning to his hometown because of drug-trafficking and related violence. Renteria-Cortes asserted that drug-traffickers will assume

that he has money because he has been in the United States and will threaten, kidnap, torture, or even kill him and his family.

After a hearing during which Renteria-Cortes and his wife testified, the IJ denied his applications for relief but granted post-conclusion voluntary departure for 30 days. The IJ found that Renteria-Cortes was credible but had no firsthand knowledge about the events to which he testified and provided no corroborating evidence from anyone with firsthand knowledge, noting that the case was "based almost entirely on hearsay, double hearsay and triple or quadruple hearsay." The IJ determined that Renteria-Cortes failed to establish by clear and convincing evidence that his asylum application was timely filed. Even if timely, the IJ went on to determine, Renteria-Cortes failed to prove eligibility for asylum because he made no claim of past persecution and because he failed to demonstrate that he feared persecution on account of a protected ground, that the Mexican government was unable or unwilling to protect him, or that it would be unreasonable for him to relocate to another part of Mexico. According to the IJ, Renteria-Cortes also necessarily failed to meet the higher standard of proof for withholding of removal and, having presented no evidence that he would more likely than not be subjected to torture, failed to demonstrate eligibility for CAT protection.

The BIA dismissed Renteria-Cortes's appeal from the IJ's decision, rejecting his argument that the IJ denied him due process and concluding that he received a full and fair hearing. The BIA also agreed with the IJ that Renteria-Cortes's asylum application was untimely and declined to address the merits of that application. Concluding that Renteria-Cortes did not satisfy his burden of proof for withholding of removal, the BIA determined that he failed to show that he cannot reasonably obtain evidence to corroborate his and his wife's hearsay testimony or that his life or freedom would be threatened in Mexico on account of a protected

ground.  Finally, the BIA agreed with the IJ that Renteria-Cortes failed to establish that he will likely be tortured if he returns to Mexico.  The BIA reinstated the period of voluntary departure.

Renteria-Cortes now petitions for review of the denial of his applications for withholding of removal and CAT protection but does not challenge the denial of his asylum application as untimely.  When, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) (citation omitted).  We review the BIA's factual determinations for substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B); *see Dieng v. Holder*, 698 F.3d 866, 871-72 (6th Cir. 2012).

Withholding of removal "is mandatory if the alien establishes that his 'life or freedom would be threatened in [the proposed country of removal on account of] race, religion, nationality, membership in a particular social group, or political opinion.'" *Khalili*, 557 F.3d at 435 (quoting 8 U.S.C. § 1231(b)(3)(A)).  When, as here, Renteria-Cortes does not claim past persecution, he may demonstrate that his life or freedom would be threatened in the future if he can establish that it is "more likely than not" that he would be persecuted on account of a protected ground upon removal.  8 C.F.R. § 1208.16(b)(2).

To that end, Renteria-Cortes contends that he has a well-founded fear of returning to Mexico on account of his membership in a particular social group — Mexicans returning from the United States who are perceived as having wealth and money.  However, we have adopted "social visibility" as a requirement of a cognizable group under the Immigration and Nationality Act (INA). *See Umana-Ramos v. Holder*, 724 F.3d 667, 671 (6th Cir. 2013).  "[S]ocial visibility requires that the set of individuals with the shared characteristic be perceived as a group by

society." *Id.* (citation and internal quotation marks omitted). Being perceived as wealthy as a result of living in the United States is not a group membership recognized by the INA. *See, e.g.*, *Lopez-Castro v. Holder*, 577 F.3d 49, 54 (1st Cir. 2009). Indeed, Renteria-Cortes testified that drug-traffickers in his hometown have attacked both persons who have returned from the United States and persons who have continued to live there. A general fear of crime and economic problems does not constitute, by itself, a legitimate fear of persecution. *See Koliada v. INS*, 259 F.3d 482, 488 (6th Cir. 2001).

Furthermore, Renteria-Cortes did not provide any documentation, such as statements from his family members, to corroborate his and his wife's hearsay testimony about the violence in his hometown. Although hearsay is admissible in removal proceedings, if, as here, "it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided." *Lin v. Holder*, 565 F.3d 971, 977 (6th Cir. 2009) (quoting *Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004)). "The absence of such corroborating evidence can lead to a finding that an applicant has failed to meet [his] burden of proof." *Id.* According to Renteria-Cortes, his family members attempted to send him letters and newspapers, but the local post office told them that those items were not allowed to be sent to the United States. Even so, the record does not compel the conclusion that corroborating evidence was otherwise unavailable to Renteria-Cortes. *See* 8 U.S.C. § 1252(b)(4).

In support of his claim for CAT protection, Renteria-Cortes merely adopts the argument in support of his withholding of removal claim, "especially regarding Petitioner's past harm amounting to persecution." (Pet'r's Br. 23). But Renteria-Cortes has never claimed past persecution. Thus, to succeed on his claim for CAT protection, he must establish a "particularized threat of torture" that "must be inflicted, instigated, consented to, or acquiesced

in, by state actors." *Castellano-Chacon v. INS*, 341 F.3d 533, 551-52 (6th Cir. 2003), *abrogated on other grounds by Almuhtaseb v. Gonzales*, 453 F.3d 743 (6th Cir. 2006). Because substantial evidence in the record does not support the conclusion that Renteria-Cortes is likely to be tortured if he returns to Mexico, he is not entitled to CAT relief.

For the foregoing reasons, we deny Renteria-Cortes's petition for review.