**NOT RECOMMENDED FOR FULL-TEXT PUBLICATON**
**File Name: 15a0247n.06**

No. 14-3799

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 07, 2015
DEBORAH S. HUNT, Clerk

JOSE LUIS PALMA-CAMPOS, )
)
**Petitioner,** )
)
v. )
)
ERIC H. HOLDER, JR., Attorney General, )
)
**Respondent.** )
)

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

**OPINION**

Before: GUY, MOORE, and McKEAGUE, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Jose Luis Palma-Campos, a native and citizen of Mexico, seeks judicial review of a decision by the Board of Immigration Appeals ("BIA"). The BIA affirmed the decision by an Immigration Judge ("IJ") denying Palma-Campos's application for withholding of removal under the Convention Against Torture ("CAT"), 8 C.F.R. § 1208.16(c). For the reasons set forth below, we **DENY** the petition for review.

**I. BACKGROUND**

Palma-Campos last entered the United States in 2008. Hr'g Tr. at 26–27 (AR 78–79). After Palma-Campos was arrested for traffic violations, the Department of Homeland Security began removal proceedings against him. He was charged with entering the United States without admission or parole. Palma-Campos conceded removability and initially applied for asylum under § 208 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158, withholding of

removal under § 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), and withholding of removal under the CAT. However, he later withdrew his asylum claim and withholding claim under the INA at a hearing before the IJ. *Id.* at 24, 30 (AR 76, 82). Thus, his sole remaining claim is for withholding of removal under the CAT.

Palma-Campos testified that he feared for his and his family's safety in Mexico because of "the violence and the lack of work." *Id.* at 42 (AR 94). He stated that although he had never been hurt while he lived in Mexico, he "was always watching [his] back because there's always somebody trying to hurt you." *Id.* at 50 (AR 102). Palma-Campos explained that "[y]ou can get assaulted at any time." *Id.* at 36 (AR 88). He continued that the violence in Mexico increased in 2008, with "young kids . . . robbing people, . . . assaulting people. The teenagers are carrying guns on the streets." *Id.* at 39 (AR 91). Palma-Campos said that his brother "was shot in the leg and in the arm" in 2011, and had to attend therapy for one year as a result. *Id.* at 36 (AR 88). Although Palma-Campos initially testified that "[t]here was a guy that lived in town that wanted to hit . . . him [his brother]," he later testified that he did not know who shot his brother. *Id.* at 37, 50 (AR 89, 102). Palma-Campos stated that he did not remember if his family reported the incident to the police, but he added that "[m]any times when this happens, people decide not to file a complaint or report it to the police because they don't do anything." *Id.* at 51 (AR 103). He also stated that two men had tried to sexually assault his wife when she was fifteen (before they were married), and that one of his other brothers was attacked with a glass bottle. *Id.* at 41,

52 (AR 93, 104). He testified that none of his other family members had been threatened or hurt in Mexico. *Id.* at 40, 52 (AR 92, 104).

On March 7, 2013, the IJ denied Palma-Campos's application for withholding of removal under the CAT and granted him voluntary departure. IJ Decision at 8 (AR 36). The IJ found Palma-Campos to be credible. *Id.* at 7 (AR 35). However, the IJ explained that "he did not testify to fearing harm that meets the definition of torture" because "fearing general violence does not equate to fearing torture." *Id.* The IJ found that Palma-Campos also "did not establish he is more likely than not to face harm" if he returned to Mexico. *Id.* Further, the IJ noted that although Palma-Campos testified that the police do not respond to criminal activity, "he did not meet his burden of proof in establishing the government of Mexico is willfully blind to acts of violence or crime." *Id.* at 8 (AR 36). The BIA affirmed the IJ's decision without opinion. BIA Decision (AR 3). A panel of this court denied Palma-Campos a stay of removal.

Palma-Campos argues that the IJ abused her discretion in denying his application because she found him to be credible, and he testified that he fears violence in Mexico and that the police do not take any action in response to crime. Pet. Br. at 7–8.

## II. ANALYSIS

### A. Standard of Review

When the BIA adopts the IJ's decision without opinion, we review the decision of the IJ as the final administrative order. *See Denko v. I.N.S.*, 351 F.3d 717, 723 (6th Cir. 2003). We review the IJ's factual findings to determine whether they are supported by substantial evidence.

*Hanna v. Holder*, 740 F.3d 379, 386 (6th Cir. 2014). We cannot reverse unless the evidence is

"so compelling that no reasonable factfinder could fail" to conclude to the contrary. *Mostafa v.*

*Ashcroft*, 395 F.3d 622, 624 (6th Cir. 2005) (internal quotation marks omitted).

## B. Withholding of Removal under the CAT

An applicant for withholding of removal under the CAT "bears the burden of establishing

'it is more likely than not that he or she would be tortured if removed to the proposed country of

removal.'" *Liti v. Gonzales*, 411 F.3d 631, 641 (6th Cir. 2005) (quoting 8 C.F.R.

§ 1208.16(c)(2)). Torture is defined as:

> any act by which severe pain or suffering, whether physical or mental, is
> intentionally inflicted on a person for such purposes as . . . punishing him or her
> for an act he or she or a third person has committed or is suspected of having
> committed, or intimidating or coercing him or her or a third person, or for any
> reason based on discrimination of any kind, when such pain or suffering is
> inflicted by or at the instigation of or with the consent or acquiescence of a public
> official or other person acting in an official capacity.

*Almuhtaseb v. Gonzales*, 453 F.3d 743, 751 (6th Cir. 2006) (quoting 8 C.F.R. § 1208.18(a)(1)).

"The term 'torture' only describes 'an extreme form of cruel and inhuman treatment and does not

include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount

to torture.'" *Id.* (quoting 8 C.F.R. § 1208.18(a)(2)). We examine "all relevant evidence" in

deciding whether an applicant will suffer future torture, including "evidence of past torture

inflicted on the applicant," "evidence that the applicant could relocate to a part of the country

where he is likely not to be tortured," "evidence of gross, flagrant or mass violations of human

rights within the country to which the applicant will be removed," and "other relevant

4

information about the country to which the applicant will be removed." *Amir v. Gonzales*, 467 F.3d 921, 926–27 (6th Cir. 2006) (internal quotation marks omitted).

Palma-Campos's testimony suggests that he fears general violence in Mexico. Although he recounted isolated violent incidents perpetrated against his brothers and wife in Mexico, those events do not rise to the level of torture, and he did not point to any evidence of a particularized threat of torture to him if he were to return to Mexico. *Almuhtaseb*, 453 F.3d at 751 ("To qualify for withholding of removal under the CAT, . . . [the applicant] must establish a particularized threat of torture.") (internal quotation marks omitted). We have held previously that "[a] general fear of crime and economic problems" is not sufficient to establish eligibility for withholding of removal under the CAT. *Renteria-Cortes v. Holder*, 563 F. App'x 466, 469 (6th Cir. 2014). Thus, we hold that the IJ's decision is supported by substantial evidence and that the evidence does not compel a finding that Palma-Campos more likely than not would be tortured if he were to return to Mexico.

## III. CONCLUSION

For the reasons set forth above, we **DENY** the petition for review.