NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0570n.06

No. 21-3044

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JESSICA ARELI CALDERON-PORTILLO, | ) | **FILED** |
| | ) | Dec 07, 2021 |
| Petitioner, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| MERRICK B. GARLAND, Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

Before: BATCHELDER, ROGERS, and WHITE, Circuit Judges.

ROGERS, Circuit Judge. Jessica Calderon-Portillo, a citizen of El Salvador, appeals the Board of Immigration Appeals' denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture. Calderon's asylum and withholding-of-removal claims require her to prove a "nexus" between her fear of persecution and her membership in a particular social group. Calderon did not appeal the nexus determination to the Board, but even if she had, she cannot establish the required nexus. Calderon also does not qualify for relief under the Convention Against Torture, because she has not shown that the state would acquiesce in any potential torture.

Calderon's application is based on her fear of being killed by violent gangs that control her area. Calderon is from the department of Chalatenango in El Salvador. In 2014, gangs killed several people in the area where Calderon attended school. One day, Calderon was on the way

home from school and saw a dead man on the street. A group of three or four men were standing by the body. One of the men was wearing a face cover and approached Calderon with a gun. The man told Calderon that if she said anything about what she saw, "the same thing was going to happen to [her]." Calderon did not call the police because she was afraid the men would harm her or her family if she did so. Calderon testified that, even if she had called the police, the police would not have helped due to their own fear of the gangs. Calderon suspects that the men were members of MS-18, the gang that controlled the area.

A few days after the incident, Calderon's parents decided she needed to leave the country for her safety. Calderon fled El Salvador in April 2014 and arrived in the United States as an unaccompanied minor in July 2014. Calderon has not been contacted by the gang since the incident and is not aware of their searching for her in El Salvador. Calderon testified "I don't believe they're still looking for me. I don't think that anything will happen with that, but my concern is the present conditions of the country right now, what's going on in the country. That is what I fear the most." Calderon is afraid to return to El Salvador "because the conditions in my country everyday are worse, and for them, it's like a hobby just to kill the people and rob people." She testified that she could not relocate within El Salvador to find safety, because the gangs control the entire country.

Calderon applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") in October 2015, and the United States Immigration Court denied her application in March 2019. The court determined that Calderon did not timely file for asylum, because she failed to file within six months of turning eighteen. Despite the timeliness issue, the court proceeded to address the merits of her application. The court held that the threat Calderon received "does not rise to the level of persecution," and she was also unable to meet her burden of

proving a well-founded fear of future persecution. The court concluded that even if Calderon had established a threat of persecution, she was unable to demonstrate that the persecution was the result of her membership in a particular social group or that the social group is cognizable. The court held that "absent significant actions by the respondent to assist in the prosecution or investigation of the crime, there is no basis to find that [witnesses to crime] is [a] socially distinct" group. Furthermore, the court noted that Calderon testified that the gang does not "even know who she is and [has] not been looking for her, so even they would not view her as being in the socially distinct group." Because Calderon "failed to satisfy the lower burden of proof for asylum," the court concluded that she also "failed to satisfy the more stringent clear probability standard for withholding of removal." Finally, the court stated that Calderon was not eligible for relief under the CAT because she did not show that she faced a risk of torture and that the government would condone or acquiesce to such torture.

The Board of Immigration Appeals adopted and affirmed the decision of the Immigration Court. It noted that Calderon failed to address "the issue of nexus and the Immigration Judge's determination that gang violence does not provide a basis for relief" and concluded that the nexus determination was "dispositive" of Calderon's claims. The Board determined that "[e]ven if the respondent could articulate a cognizable particular social group definition, general criminal activity of the sort the respondent fears that affects the home country's populace as a whole does not provide a sufficient nexus to an enumerated ground in the Immigration and Nationality Act." The Board did not address the timeliness issue. Calderon did not appeal the Immigration Court's denial of relief under the CAT, so the Board did not reach it. On appeal, Calderon argues that the Board's decision was not supported by substantial evidence. Calderon asserts that witnesses of

crime is a cognizable social group. She further argues that the threat she received was sufficient to establish past persecution and a well-founded fear of future persecution.

Calderon's petition fails because she did not appeal the immigration court's determination that she cannot establish a nexus between a protected ground and her fear of future harm. To qualify for asylum, Calderon must show that she is "unable or unwilling to return to, and is unable or unwilling to avail . . . herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The "on account of" language is a nexus requirement, meaning that Calderon "must show that at least one of these characteristics 'was or will be at least one central reason for [her persecution].'" *See Skripkov v. Barr*, 966 F.3d 480, 486 (6th Cir. 2020) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)).

Calderon failed to appeal the immigration court's nexus determination to the Board, so this dispositive issue is unexhausted. The immigration court determined that Calderon did not establish the required nexus between her membership in a particular social group and her fear of persecution, and Calderon did not appeal this determination to the Board. We have repeatedly declined to consider arguments that a petitioner failed to raise before the Board. *See* 8 U.S.C. § 1252(d)(1); *Lin v. Holder*, 565 F.3d 971, 978 (6th Cir. 2009). In *Ramani v. Ashcroft*, we concluded that "only claims properly presented to the [Board] and considered on their merits can be reviewed by this court in an immigration appeal. Because the arguments currently presented by [Petitioner] were not presented to the [Board], they are not subject to review by this court." 378 F.3d 554, 560 (6th Cir. 2004).

Even if Calderon's petition could be generously read to have presented the nexus issue, she cannot establish a nexus between her membership in a particular social group and her fear of

persecution. To satisfy the nexus requirement, Calderon must show that the fact that she was within her proposed social group (of being a witness to crime) is a "central reason" why she faces a risk of persecution. *See Ajqui Gomez v. Barr*, 828 F. App'x 272, 275 (6th Cir. 2020); 8 U.S.C. § 1101(a)(42)(A). But Calderon testified that she does not believe the same gang will specifically target her because she was a witness—instead, she fears the general level of crime and gang violence in her area. The general risk of crime is not sufficient to establish nexus between a particular social group and persecution. *See Alfaro-Urbina v. Barr*, 813 F. App'x 205, 210 (6th Cir. 2020); *Camacho-Villa v. Lynch,* 661 F. App'x 354, 357 (6th Cir. 2016). We noted in *Zaldana Menijar v. Lynch* that while the immigrant's "fear of gang violence [in El Salvador] is certainly justified . . . it lacks a nexus to his purported group membership . . . [T]he record indicates that gangs indiscriminately target most if not all segments of society." 812 F.3d 491, 500-01 (6th Cir. 2015). Similarly, the record here demonstrates that gangs pose a threat to many different groups of people in El Salvador.

The Board did not reach Calderon's claim for relief under the CAT because she failed to appeal it. But even if the CAT issue were properly presented here, Calderon's claim for relief would fail because she has not demonstrated that the government of El Salvador would condone or acquiesce to torture. "[A] general fear of crime . . . is not sufficient for withholding of removal under the CAT." *Hernandez-Box v. Sessions*, 680 F. App'x 416, 423 (6th Cir. 2017) (quoting *Palma-Campos v. Holder*, 606 F. App'x 284, 287 (6th Cir. 2015)).

We deny the petition for review.