**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0907n.06

No. 13-3211

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 23, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DELMER UERALDO CONTRERAS-TORRES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE:  COLE and CLAY, Circuit Judges; BERTELSMAN, District Judge.[*]

PER CURIAM.  Delmer Ueraldo Contreras-Torres petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for withholding of removal.  We deny the petition for review.

Contreras-Torres, a native and citizen of Honduras, entered the United States without inspection in April 2006.  Three years later, U.S. Immigration and Customs Enforcement arrested Contreras-Torres and served him with a notice to appear charging him with removability under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled.  Appearing before an immigration judge (IJ), Contreras-Torres admitted the factual allegations set forth in the notice

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

to appear and effectively conceded removability as charged. Contreras-Torres filed an application

for asylum, withholding of removal, and protection under the Convention Against Torture (CAT),

claiming that he was afraid to return to Honduras because MS-13 gang members had threatened him

and were still looking for him. Contreras-Torres later withdrew his requests for asylum and CAT

protection. After a hearing on the merits, the IJ denied Contreras-Torres's application for

withholding of removal, finding that he lacked both credibility and a nexus between feared harm and

a well-defined social group, but granted his request for voluntary departure. Dismissing Contreras-

Torres's appeal, the BIA concluded that the IJ's adverse credibility finding was not clearly

erroneous and that Contreras-Torres failed to establish that his feared harm would be motivated by

his membership in a particular social group.

This timely petition for review followed. Where, as here, "the BIA reviews the immigration

judge's decision and issues a separate opinion, rather than summarily affirming the immigration

judge's decision, we review the BIA's decision as the final agency determination." *Khalili v.

Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "To the extent the BIA adopted the immigration judge's

reasoning, however, this Court also reviews the immigration judge's decision." *Id.* We review

factual findings, including credibility determinations, for substantial evidence, reversing "only if any

reasonable adjudicator would be compelled to conclude to the contrary." *Hachem v. Holder*, 656

F.3d 430, 434 (6th Cir. 2011).

Contreras-Torres acknowledges that there were inconsistencies between his written

application and his oral testimony, but contends that he was not required to exhaustively detail his

experiences in his application. The cases cited by Contreras-Torres in support of this argument —

*Mapouya v. Gonzales*, 487 F.3d 396, 407 n.11 (6th Cir. 2007), *Shkabari v. Gonzales*, 427 F.3d 324, 330 (6th Cir. 2005), and *Liti v. Gonzales*, 411 F.3d 631, 638 (6th Cir. 2005) — all involve claims that pre-date the REAL ID Act of 2005. "Under the REAL ID Act, credibility determinations are based on the 'totality of the circumstances' and take into account 'all relevant factors.'" *El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). In any event, the record reflects significant inconsistencies between Contreras-Torres's written and oral statements rather than a failure to include every detail in his application. Contreras-Torres's application stated that he worked as a self-employed bread vendor in Tegucigalpa from October 2001 until he left for the United States in March 2006. On January 1, 2005, according to the application, gang members attacked Contreras-Torres and threatened him with death if he did not pay their gang tax. In contrast, Contreras-Torres testified that gang members threatened him every time he sold bread on the streets, which was twice a week. According to his testimony, Contreras-Torres sold bread for about a year – first in downtown Tegucigalpa and then in the southern part of the country. Contreras-Torres testified that he stopped selling bread about a year before he came to the United States and began working at a factory, where gang members threatened him every payday, which he failed to mention in his application. These inconsistencies regarding the frequency of the alleged threats and the circumstances surrounding them provide substantial evidence for the adverse credibility determination.

Contreras-Torres argues that the IJ discredited his testimony that he went to the police because the resulting police report inaccurately recited his age, without allowing him to substantiate the authenticity of the report. Contreras-Torres was asked on cross-examination if he had any proof

that the report was legitimate; he did not. Nor did Contreras-Torres request any additional opportunity to substantiate the report.

Substantial evidence also supports the administrative determination that Contreras-Torres failed to establish that his feared harm would be motivated by his membership in a particular social group. To be eligible for withholding of removal under the INA, Contreras-Torres must establish that his "life or freedom would be threatened in [Honduras] because of" a protected ground, such as "membership in a particular social group." 8 U.S.C. § 1231(b)(3)(A). A "particular social group" has been defined as "a group of persons all of whom share a common, immutable characteristic." *Al-Ghorbani v. Holder*, 585 F.3d 980, 994 (6th Cir. 2009) (quoting *In re Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985)). Contreras-Torres asserts in his brief that "his family business . . . leads to the constant exposure to theft, injury, and even threats of murder." (Pet'r's Br. 7–8). While membership in the same family may be recognized as "membership in a particular social group," *see Al-Ghorbani*, 585 F.3d at 995, Contreras-Torres provided no evidence that he was threatened by gang members because of any family ties. To the contrary, Contreras-Torres's testimony indicated that gang members threatened him because of his earnings from selling bread or working at the factory. Business owners or others perceived as having money who are targeted for extortion demands do not constitute a protected social group. *See Vindel v. Holder*, 504 F. App'x 396, 398 (6th Cir. 2012) (per curiam); *Khozhaynova v. Holder*, 641 F.3d 187, 195 (6th Cir. 2011).

For the foregoing reasons, we deny Contreras-Torres's petition for review.