RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 24a0043p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

ALMA DELIA REYES GALEANA; AZUL KORAL
HERNANDEZ REYES; KARYME AGUILAR REYES; LITZI
KAREL AGUILAR REYES,

          *Petitioners,*

    *v.*

MERRICK B. GARLAND, Attorney General,

          *Respondent.*

No. 23-3664

On Petition for Review from the Board of Immigration Appeals.
Nos. A 209 129 067; A 209 129 068; A 209 129 069; A 209 129 070.

Decided and Filed:  March 4, 2024

Before:  KETHLEDGE, BUSH, and READLER, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:**  Joshua J. Mikrut, THE LAW OFFICE OF JOSHUA J. MIKRUT, PLC, Wyoming, Michigan, for Petitioners.  Madeline Henley, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────────

## OPINION

───────────────

CHAD A. READLER, Circuit Judge.  A former restaurateur, Alma Reyes Galeana fled to the United States after several run-ins with gangs in Guerrero, Mexico.  Once on United States soil, she sought asylum and withholding of removal.  Reyes Galeana maintains that, as a Mexican business owner, she was a member of a "particular social group" that should be afforded relief from deportation under federal law.  The Board of Immigration Appeals disagreed

and denied her application.  Reyes Galeana then petitioned this Court for review of the Board's decision.  Agreeing that "Mexican business owners" are not a particular social group, we deny her petition.

**I.**

The Department of Homeland Security began removal proceedings against Reyes Galeana and her three daughters after they entered the United States at the port of entry in Nogales, Arizona.   A Mexican citizen, Reyes Galeana applied on behalf of herself and her daughters for asylum and withholding of removal.  For asylum eligibility, Reyes Galeana needed to demonstrate either past persecution or a well-founded fear of future persecution on account of one of five protected grounds:  her race, religion, nationality, membership in a particular social group, or political opinion.  *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A).  To obtain withholding of removal, a separate form of relief, she had to show that her "life or freedom would be threatened" in her home country "because of" one of the same five protected grounds.  *Id.* § 1231(b)(3)(A).

In both cases, Reyes Galeana tied her request for relief from removal to her membership in a purported particular social group—Mexican business owners.  Before coming to the United States, she opened a restaurant in Atoyac de Álvarez, a city in the State of Guerrero.  A few months into this new venture, Reyes Galeana experienced several incidents of unnamed men threatening her and her family with violence if she did not yield to their financial demands.  After receiving multiple demands for money, Reyes Galeana and her children fled to the United States.

Upon considering Reyes Galeana's application and hearing her testimony, an Immigration Judge denied the application on the grounds that Mexican business owners do not constitute a particular social group, meaning that Reyes Galeana did not qualify for asylum or withholding of removal.  Reyes Galeana fared no better in her appeal to the Board.  The Board agreed with the Immigration Judge's view and dismissed the appeal.  Her petition to this Court followed.

**II.**

Our focus is on the Board's opinion, as informed by any of the Immigration Judge's reasoning adopted therein. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). With the Board's decision hinging on a purely legal question—whether Mexican business owners constitute a particular social group—we review that determination de novo. *Sanchez-Robles v. Lynch*, 808 F.3d 688, 692 (6th Cir. 2015). Reyes Galeana bears the burden to establish that her proposed social group is cognizable. *Gonzalez-De Leon v. Barr*, 932 F.3d 489, 492 (6th Cir. 2019). That entails showing that the proposed group (1) is comprised of members who share an immutable characteristic, (2) is defined with particularity, and (3) is perceived to be socially distinct in the society in question. *Id.* at 492–93.

We might normally start our analysis with the first inquiry. But we can put aside whether being a Mexican business owner is immutable, an arguable point of debate. *Compare Lopez-De Flores v. Barr*, 799 F. App'x 521, 522 (9th Cir. 2020) ("[S]mall business merchants do not share a common, immutable characteristic."), *with Turcios-Flores v. Garland*, 67 F.4th 347, 355–56 (6th Cir. 2023) (recognizing land ownership as an immutable characteristic in that is "fundamental" to an individual's identity that ought not be subject to change), *and Macedo Templos v. Wilkinson*, 987 F.3d 877, 884 (9th Cir. 2021) (Bea, J., concurring) (rejecting the view that "wealthy business owner" cannot be an immutable characteristic). Either way, Reyes Galeana's proposed group still fails on particularity and social distinction grounds.

Start with particularity—that is, the requirement that "the group has discrete and definable boundaries." *Cruz-Guzman v. Barr*, 920 F.3d 1033, 1036 (6th Cir. 2019). Reyes Galeana's proposed group includes anyone who has "ventured into the Mexican marketplace as owners of businesses." That categorization seems neither discrete nor definable. After all, she places no limitations on the group—not its size, not the nature of commercial affairs, not even the individual business's location. As a result, there is virtually no unifying relationship or characteristic narrowing this group of individuals. *Ochoa v. Gonzales*, 406 F.3d 1166, 1171 (9th Cir. 2005), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). True, a common thread among business owners, like any individuals of relative means, is that they may become targets for extortion. But we have "consistently held that such

heightened exposure to threats" does not establish the basis of membership in a particular social group.  *Alfaro-Urbina v. Barr*, 813 F. App'x 205, 209 (6th Cir. 2020); *Contreras-Torres v. Holder*, 542 F. App'x 456, 458 (6th Cir. 2013) (per curiam); *Khozhaynova v. Holder*, 641 F.3d 187, 195 (6th Cir. 2011), *abrogated on other grounds by Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020).  It bears repeating that a social group cannot gain particularity by circular reference to the fact that the group is at risk of persecution.  *Kante v. Holder*, 634 F.3d 321, 327 (6th Cir. 2011).  And when one removes the threat of persecution from the mix, a group of Mexican business owners, as Reyes Galeana describes it, is substantively indistinguishable from other groups we have rejected as being too broad to satisfy the particularity rule.  *See, e.g.*, *Lorenzana-Montepeque v. Barr*, 781 F. App'x 490, 494 (6th Cir. 2019) (equating taxi business owners with other rejected particular social groups, such as "those who are perceived as wealthy").

Reyes Galeana's proposed group also lacks the requisite social distinction.  This requirement demands a showing that Mexican society actually perceives the purported group to be a distinct class of persons subject to persecution.  *See Cruz-Guzman*, 920 F.3d at 1036.  Reyes Galeana has offered no evidence that business owners are identifiable in such a way.  Even if Mexicans at large considered business owners to be a target of extortion demands, this group is just one of many about whom Mexican society feels the same, for example, as a business's employees or customers.  *See Kante*, 634 F.3d at 327 (applying the social-visibility criterion by asking whether society views that group as "specifically targeted for mistreatment").

Reyes Galeana offers little in response.  To the question of social distinction, she asserts that she was "clearly identifiable as the owner and operator" of a business.  But she offers no evidence on the point, as she must.  *See Gonzalez-De Leon*, 932 F.3d at 492.  Equally true, it matters little that others would "clearly identif[y]" Reyes Galeana herself as a business owner. The social distinction inquiry is more wholistic.  It asks whether the "set of individuals with the shared characteristic" to which the petitioner claims to belong "would be perceived as a group by society."  *See Umana-Ramos v. Holder*, 724 F.3d 667, 671 (6th Cir. 2013); *Zaldana Menijar v. Lynch*, 812 F.3d 491, 498 (6th Cir. 2015).  In other words, Reyes Galeana needed to show that business owners are identifiable as a social group, not that she is identified as a business owner. And even then, Reyes Galenea's argument seems premised on the idea that her antagonists are

the ones by whom we adjudge social distinction.  But the "persecutors' perception" is not enough to make a group socially distinct; "the crucial requirement [is] that *society*" must view the group as socially distinct.  *Zaldana Menijar*, 812 F.3d at 499.

Reyes Galeana next takes on our precedent rejecting business ownership as a particular social group.  Comparatively speaking, she observes that the situation in Mexico is more dire than in other countries where we have rejected deeming business owners as a particular social group.  But that puts the cart before the horse.  Whether a noncitizen can establish past or future persecution (for the purposes of asylum) or a threat to their life or freedom (for the purposes of withholding of removal) is an inquiry that takes place only after protected class membership is established.  *See Murillo-Oliva v. Garland*, No. 21-3062, 2022 WL 14729879, at *3 (6th Cir. Oct. 26, 2022) (first citing *Bi Xia Qu v. Holder*, 618 F.3d 602, 606–08 (6th Cir. 2010); and then citing *Al-Ghorbani v. Holder*, 585 F.3d 980, 994 (6th Cir. 2009)).  Put another way, whether her proposed group is cognizable depends not on the risks facing an individual within that group, but on whether the group satisfies the immutability, particularity, and social distinction criteria.  *See Cruz-Guzman*, 920 F.3d at 1036.

As a final salvo, Reyes Galeana points to *Zuniga-Martinez v. Garland*, No. 21-3312, 2022 WL 2160668 (6th Cir. June 15, 2022).  She reads that case to hold that "Honduran small business owners" are a cognizable group.  But *Zuniga-Martinez* is no North Star.  For one, it is an unpublished case.  For another, it did not address whether the proposed group at issue there was a particular social group, it simply assumed that was so.  Instead, we vacated the Board's order on nexus grounds, holding that the evidence before the Board supported a finding that the petitioner was "persecuted as a result of her membership in a particular social group."  *Id.* at *5. So *Zuniga-Martinez* never grappled with whether Honduran small business owners are a cognizable particular social group.  As in *Zuniga-Martinez,* questions that "merely lurk in the record, neither brought to the attention [of] the court nor ruled upon" do not inform future cases. *Wright v. Spaulding*, 939 F.3d 695, 702 (6th Cir. 2019) (citation omitted).

\*        \*        \*        \*        \*

For these reasons, we deny the petition for review.