NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0399n.06

Case No. 22-3365

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 13, 2025
KELLY L. STEPHENS, Clerk

PEDRO AGUILAR-MEJIA,

  Petitioner,

v.

PAMELA BONDI, Attorney General,

  Respondent.

)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW OF
THE DECISION OF THE BOARD
OF IMMIGRATION APPEALS

OPINION

Before: SUTTON; Chief Judge; SILER and WHITE, Circuit Judges.

**SILER, Circuit Judge.** Pedro Aguilar-Mejia, a native and citizen of Guatemala, challenges the Board of Immigration Appeals' ("BIA") decision to affirm the denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). He also contests the BIA's refusal to remand for consideration of new evidence. Because substantial evidence supports the agency's disposition and the BIA acted within its broad discretion in denying remand, we deny the petition for review.

**I.**

The facts are straightforward and, for the most part, uncontested. In 2013, when Aguilar-Mejia was 15 years old, three Mara 18 gang members approached him as he was leaving a neighborhood store in Guatemala. They slapped and pushed him, took the drink and small amount of money he was carrying, and ordered him to join their gang. He refused. He suffered no lasting injury, did not seek medical care, and on his parents' advice made no police report.

Three days later, his family moved to another town, and Aguilar-Mejia testified that he experienced no further threats or harm during the next 10 months before he left Guatemala. In October 2014, Aguilar-Mejia entered the United States without admission or parole.

Removal proceedings followed. At a hearing in February 2015, he admitted the notice-to-appear allegations, conceded removability, and indicated that he would seek asylum, withholding of removal, and CAT protection. He filed a Form I-589 application a few months later.

At the December 2018 merits hearing, Aguilar-Mejia's counsel claimed persecution as a member of a proposed particular social group ("PSG"): "child victims" "of gang recruitment and gang violence in Guatemala," or, as stated in closing argument, "young . . . male Guatemalans." In April 2019, the Immigration Judge ("IJ") found Aguilar-Mejia credible yet denied all relief, holding that the single 2013 incident did not rise to persecution, lacked nexus to a protected ground, and involved a PSG that was impermissibly circular and insufficiently particular.

Aguilar-Mejia appealed and, citing his girlfriend's pregnancy, moved to remand so he could present additional family-based PSG formulations. In March 2022, the BIA dismissed his appeal and denied remand, echoing the IJ's analysis and finding the new evidence immaterial. Aguilar-Mejia timely petitioned this court for review.

## II.

We review legal questions de novo and factual findings for substantial evidence, accepting the agency's view unless the record compels the opposite result. *Tista-Ruiz de Ajualip v. Garland*, 114 F.4th 487, 495 (6th Cir. 2024). Denial of a motion to remand receives abuse-of-discretion review. *Marqus v. Barr*, 968 F.3d 583, 592 (6th Cir. 2020).

## III.

### A.     Asylum

An asylum applicant must show past persecution or a well-founded fear of future persecution "on account of" one of five protected grounds, here, membership in a cognizable PSG. 8 U.S.C. §§ 1101(a)(42)(A); 1158(b)(1)(B)(i).  Three questions capture the dispute: motivation, magnitude, and group definition.

*Motivation (nexus).* Why did the gang target Aguilar-Mejia?  The IJ concluded that Mara 18 confronted Aguilar-Mejia for ordinary criminal reasons—to take the few quetzales in his pocket and to recruit him—not because of any protected characteristic.  The record supports that view: Aguilar-Mejia testified that the assailants robbed him of about 10 quetzales and told him that they could "give [him] money" if he joined the gang.  On cross-examination he agreed with counsel's statement that Mara 18 "rob[s] people of all ages" when it needs money.  Such general economic or criminal motives do not supply the "on account of" nexus that the INA demands.  *See Khozhaynova v. Holder*, 641 F.3d 187, 195 (6th Cir. 2011).  Aguilar-Mejia's opening brief devotes only a single, conclusory sentence to contest the IJ's nexus finding, which forfeits the argument. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).

*Magnitude (persecution).*  Persecution "requires more than a few isolated incidents of verbal harassment or intimidation."  *Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004) (citation omitted).  Aguilar-Mejia experienced just one brief encounter: the gang members slapped and pushed him, stole roughly 10 quetzales, and attempted to recruit him.  He sustained no lasting injury, sought no medical care, and safely relocated within Guatemala where he lived for the next 10 months without further incident.  A single, short-lived assault followed by successful relocation falls well below the persecution threshold.  *See Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir.

1998); *Rios-Zamora v. Sessions*, 751 F. App'x 784, 787 (6th Cir. 2018) (a robbery that "is merely an instance of 'widespread crime and violence[]' . . . does not constitute persecution" (quoting *Menijar v. Lynch*, 812 F.3d 491, 501 (6th Cir. 2015))). The record does not compel a different conclusion.

*Group definition (PSG).* A PSG must (i) share an immutable trait, (ii) be defined with particularity, and (iii) be socially distinct in Guatemala. *Cruz-Guzman v. Barr*, 920 F.3d 1033, 1036 (6th Cir. 2019). "Child victims of gang recruitment and gang violence" fails two of the three tests. It defines the group by the harm feared (circularity) and sweeps in an indeterminate slice of Guatemalan youth (lack of particularity). *Rreshpja v. Gonzales*, 420 F.3d 551, 555–56 (6th Cir. 2005). Nor does "young male Guatemalans" fare better; broad demographic labels rarely do. *Lopez Garcia v. Garland*, 2023 WL 4145320, at *5 (6th Cir. June 23, 2023).

Failure to prove even a single statutory prerequisite is fatal to an asylum application. *See Cruz-Guzman*, 920 F.3d at 1038. Aguilar-Mejia misses all three.

## B. Withholding of Removal

Withholding of removal is available only to an applicant who shows a "clear probability" that his "life or freedom would be threatened" on account of a protected ground—meaning it is more likely than not that the feared persecution will occur. 8 U.S.C. § 1231(b)(3)(A); *INS v. Stevic*, 467 U.S. 407, 424–25 (1984). That burden is more stringent than the well-founded-fear standard that governs asylum. *Yousif v. Lynch*, 796 F.3d 622, 629 (6th Cir. 2015). Because Aguilar-Mejia has not met the lesser standard required for asylum, he necessarily cannot satisfy the higher threshold for withholding of removal. *See id.*

C.      **Convention Against Torture**

Aguilar-Mejia's CAT claim never made it past the starting gate.  He did not meaningfully pursue it before the BIA and offers only a passing reference here.  That forfeits the argument. *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004).

D.      **Motion to Remand**

Finally, Aguilar-Mejia faults the BIA for refusing to reopen the record after he disclosed that his girlfriend was pregnant and proposed new PSGs.  A motion to remand based on new evidence must show that the evidence was previously unavailable and likely to change the result. *Yousif v. Garland*, No. 19-4084, 2024 WL 641044, at *6 (6th Cir. Feb. 15, 2024).

Aguilar-Mejia initially argued that his girlfriend's pregnancy provided a basis for humanitarian asylum under 18 C.F.R. § 1208.13(b)(1)(iii)(B), but the BIA found that he later withdrew this claim before the BIA decided it.  Aguilar-Mejia also argues that his girlfriend's pregnancy supports a new PSG described only as "family."  The BIA did not abuse its discretion, however, by finding that Aguilar-Mejia's invocation of generalized gang activity and violence failed to establish a well-founded fear of persecution on that basis.  And given that Aguilar-Mejia lived in Guatemala without incident for 10 months after his encounter with Mara 18, the BIA did not abuse its discretion by rejecting the assertion that Mara 18 would attack Aguilar-Mejia and his family simply because the gang "know[s] him."  In sum, his girlfriend's pregnancy in the United States bears no relevance to the nexus, persecution, or PSG analysis that turns on conditions in Guatemala.

Likewise, re-casting his PSG as "former youths threatened with violence and suffering robbery by gangs" or "young males who refused recruitment, left the country, and who are poor with a family to support" does not cure the underlying defects of circularity and over-breadth;

changing the label leaves the same problem intact. *See Reyes Galeana v. Garland*, 94 F.4th 555, 559 (6th Cir. 2024). Because the new evidence and repackaged PSGs would not alter the asylum analysis, the BIA acted within its broad discretion in denying the motion. *See Marqus*, 968 F.3d at 592.

For these reasons, we deny the petition for review.